AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF   MASSACHUSETTS

UNITED STATES OF AMERICA

V.

BRANDON DELGADO
193 Cottage Street, Apt. 1
New Bedford, MA
(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:  05-M-0406-RBC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. ☒ Between in or about   Sept. 2004 and Nov. 2004   in   Bristol   county, in the _____ District of   Massachusetts   defendant(s) did, (Track Statutory Language of Offense)

possess with intent to distribute, and did distribute, cocaine and cocaine base, Schedule II controlled substances,

in violation of Title   21   United States Code, Section(s)   841(a)(1)   .

I further state that I am a(n)   ATF Special Agent   and that this complaint is based on the following
                                   Official Title
facts:

See attached affidavit of Special Agent Stephanie Schafer.

Continued on the attached sheet and made a part hereof:   ☐ Yes   ☐ No

_Schafer_
Signature of Complainant

Sworn to before me and subscribed in my presence,

FEB 2 2 2005   at 12:10 pm at   Boston, MA
Date                                                   City and State

ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer                       Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

# AFFIDAVIT

I, Stephanie Schafer, being duly sworn, do depose and state that:

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for approximately five and a half years.

2. I am currently assigned to Boston Group IV, which investigates firearms related activities in the eastern portion of Massachusetts. As a result of my participation in firearms investigations and the training I have received as an ATF Special Agent, I am familiar with federal narcotics laws and know that it is a violation of 21 U.S.C. § 841(a)(1) for any person to possess narcotics with the intent to distribute them. The opinions that I have formed and set forth in this affidavit are based upon my experience, consultation with other experienced investigators and agents, and other sources of information relative to firearms and narcotics investigations. I have not included each and every fact I know regarding this investigation but only those facts necessary to establish probable cause.

3. This affidavit is made in support of an application for a complaint and arrest warrant for Brandon DELGADO, (YOB: 1983) ("DELGADO") for a violation of Title 21, United States Code, Section 841(a)(1).

4. In September, 2004, at my direction, a cooperating witness ("CW") contacted DELGADO and arranged to purchase cocaine from him. The telephone number that the CW used to contact DELGADO is listed to DELGADO's mother with a billing address of 193 Cottage Street, New Bedford, MA. The CW was searched by law enforcement officers and found to have no contraband or U.S. currency. The CW was then outfitted with electronic monitoring and recording equipment. The CW was given ATF funds in order to purchase the narcotics. Law enforcement officers dropped the CW off at a location in New Bedford, MA, and maintained surveillance of the CW until he/she met with an individual that the CW later identified as DELGADO. Law enforcement officers watched the CW engage in a brief transaction with an individual. That individual then left the CW and the CW was followed by law enforcement officers to a prearranged location. The CW gave me a quantity of cocaine that the CW said that he/she had just purchased from DELGADO. The Massachusetts Department of Public Health Laboratory tested that substance and found it to contain

cocaine base, commonly known as crack. Prior to this transaction, a New Bedford police officer working with ATF had shown a photograph of Brandon DELGADO to the CW and the CW had identified him as the person he/she knew as DELGADO. Following the transaction, the CW confirmed that the individual from whom he purchased the cocaine was DELGADO. New Bedford Police Detective Tyrone Jones is familiar with DELGADO. Detective Jones watched the transaction described above and identified the individual who met with the CW as DELGADO.

5. During the first week of November, 2004, the CW again arranged to purchase cocaine from DELGADO at my direction. The telephone number that the CW used to arrange the transaction is listed to DELGADO's mother, as described above. The CW was searched by law enforcement officers and found to have no contraband or U.S. currency. The CW was then outfitted with electronic monitoring and recording equipment. The CW was given ATF funds in order to purchase the narcotics. Law enforcement officers dropped the CW off at a location in New Bedford, MA, and maintained surveillance of the CW until he/she met with an individual that the CW identified as DELGADO. Law enforcement officers watched the CW engage in a brief transaction with that individual, however, due to the lighting conditions they could

3

not identify DELGADO. The individual then left the CW and the CW was followed by law enforcement officers to a prearranged location. The CW gave me a quantity of cocaine that the CW said he/she had just purchased from DELGADO. The Massachusetts Department of Public Health tested this substance and found it to contain cocaine base, commonly known as crack.

6. During the second week of November, 2004, at my direction, the CW contacted DELGADO and arranged to purchase cocaine from him. The telephone number that the CW used to arrange this transaction is listed to DELGADO's mother, as described above. The CW was searched by law enforcement officers and found to have no contraband or U.S. currency. The CW was then outfitted with electronic monitoring and recording equipment. The CW was given ATF funds in order to purchase the narcotics. Law enforcement officers dropped the CW off at a New Bedford, MA, location and maintained surveillance of the CW until he/she met with an individual that the CW identified as DELGADO. Law enforcement officers watched the CW engage in a brief transaction with that individual, however, due to the lighting conditions they could not identify DELGADO. The individual then left the CW and the CW was followed by law enforcement officers to a prearranged location. The CW gave me a quantity of cocaine

that the CW said he/she had just purchased from DELGADO. The Department of Public Health Laboratory tested this substance and found it to contain cocaine base, commonly known as crack.

    7. During the last week of November, 2004, the CW, at my direction, contacted DELGADO and arranged to purchase cocaine from him. The telephone number that the CW used to arrange this transaction is listed to DELGADO's mother, as described above. The CW was searched by law enforcement officers and found to have no contraband or U.S. currency. The CW was then outfitted with electronic monitoring and recording equipment. The CW was given ATF funds in order to purchase the narcotics. Law enforcement officers dropped the CW off at a New Bedford, MA, location and maintained surveillance of the CW until he/she met with an individual that the CW identified as DELGADO. Law enforcement officers watched the CW enter a vehicle driven by an individual. Law enforcement officers maintained surveillance of the vehicle as it drove around for a short time. The CW was then dropped off. Law enforcement officers then picked up the CW. The CW gave me a quantity of cocaine that the CW said that he/she had just purchased from DELGADO. The Massachusetts Department of Public Health Laboratory tested this substance and found it to contain cocaine. Law enforcement officers checked the registration of

the vehicle they observed and found that it was a rental car. An officer then contacted the rental company and learned that the vehicle had been rented by DELGADO.

8. During the first week of February, 2005, at my direction, the CW contacted DELGADO and arranged to purchase cocaine from him. The telephone number that the CW used to arrange this transaction is listed to DELGADO's mother. The CW was searched by law enforcement officers and found to have no contraband or U.S. currency. The CW was then outfitted with electronic monitoring equipment. The CW was given ATF funds in order to purchase the narcotics. Law enforcement officers dropped the CW off at a location in New Bedford, MA, and maintained surveillance of the CW until he met with an individual he/she identified as DELGADO. Law enforcement officers watched the CW engage in a brief transaction with an individual. That individual then left the CW and the CW was followed by law enforcement officers to a prearranged location. The other individual arrived at 193 Cottage Street, New Bedford, MA, shortly after the transaction was completed. The CW gave me a quantity of cocaine that the CW said that he/she had just purchased from DELGADO. That substance has not yet been tested by the Massachusetts Department of Public Health. A New Bedford

Police officer who was conducting surveillance of DELGADO's home could not identify DELGADO as the person who 193 Cottage Street, New Bedford, MA, before the meeting with the CW but he was able to determine that it was DELGADO who returned to 193 Cottage Street, New Bedford, MA, after the transaction was completed.

9. Based on the above information, I believe that there is probable cause that Brandon DELGADO did possess with intent to distribute, and did distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1).

_____
Stephanie Schafer
Special Agent, Bureau of
Alcohol, Tobacco, Firearms and
Explosives

Sworn and subscribed to before me
on this ____ day of February, 2005.

FEB 2 2 2005

_____
ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE

7

**Criminal Case Cover Sheet**          **U.S. District Court - District of Massachusetts**

Place of Offense: __New Bedford__  Category No. __II__  Investigating Agency __ATF__

City __New Bedford__  Related Case Information:

County __Bristol__  Superseding Ind./ Inf. _____  Case No. _____
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Brandon Delgado__  Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address __193 Cottage Street, Apt. 1, New Bedford, MA__

Birth date (Year only): __1983__  SSN (last 4 #): ____  Sex __M__  Race: ____  Nationality: ____

Defense Counsel if known: _____  Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Sandra S. Bower__  Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No  List language and/or dialect: _____

Matter to be SEALED:  ☒ Yes  ☐ No

☒ Warrant Requested  ☐ Regular Process  ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☒ Complaint  ☐ Information  ☐ Indictment

Total # of Counts:  ☐ Petty ____  ☐ Misdemeanor ____  ☒ Felony __1__

        Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: _____  Signature of AUSA: _____

≪JS 45  (5/97) - (Revised USAO MA 3/25/02) Page ⬤ of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**  _____

U.S.C. Citations

| **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|
| Set 1  21 U.S.C. 841(a)(1) | poss. intent distrib./distrib. drugs | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**