UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
       v.                           )   CRIMINAL NO.
                                    )   05 − 10176 − RCL
BRANDON DELGADO                     )
                                    )
_____)

**DEFENDANT BRANDON DELGADO'S SUPPPLEMENT TO HIS MOTION FOR RECONSIDERATION OF THE ORDER OF DETENTION DATED SEPTEMBER 12, 2005**

On September 12, 2005, after a hearing, the court issued an order detaining the defendant Brandon Delgado ("Delgado") under the provisions of the Bail Reform Act, 18 U.S.C. § 3142(f).  Delgado had proposed Ann Kelley as a suitable third party custodian pursuant to 18 U.S.C. § 3142(c)(B)(i) and Ms. Kelly, who had already been interviewed by Pretrial Services, appeared and testified at the hearing that preceded the order.  At that time there were firearms charges pending against Delgado in the Bristol County Superior Court, a fact given prominence in the court's statement of reasons for detention.  With respect to Ann Kelley as a third party custodian the court noted:  "While the proposed Third-Party Custodian might be acceptable, she works during the day and the defendant would be on his own for the daylight hours."

On October 21, 2005, after trial, the Bristol County Superior Court entered not guilty findings on all the Commonwealth charges pending against Delgado.  As a result, Delgado has no record of adult convictions for

any felony and, other than in connection with the instant case, there are no charges pending against him.

On November 7, 2005, Delgado was arraigned on a superseding indictment. At the same time, Delgado filed a motion for reconsideration of the earlier detention order. The motion highlighted Delgado's acquittal after trial on the charges that had been pending against him in the Bristol County Superior Court. The motion was addressed briefly at the close of the November 7th arraignment. The court requested that Delgado file affidavits as to third party custodians and advised the government that it was to respond to Delgado's motion within fourteen days of the filing of any affidavits.

Delgado continues to propose Ann Kelley as his principal third party custodian. Because she has already been interviewed by Pretrial Services[1] and has already testified in court, Delgado believes that any affidavit from her is unnecessary. However, Delgado proposes another person, Kimberly Cardona, who is willing to monitor him during the periods that Ms. Kelley is working. The Affidavit of Kimberly Cardona is attached hereto.[2]

Delgado proposes that he be released on conditions that include his full time residence, with electronic monitoring, at the home of Ann Kelley in Mattapoisett, Massachusetts. To the extent the court deems it necessary, Delgado further proposes that he be released into the principal custody,

---

[1] Pretrial Services had initially found Ms. Kelley to be an appropriate third party custodian, but withdrew that approval after she was charged in a Massachusetts district court for driving under the influence of alcohol. That charge was pending when Ms. Kelly testified in court. It remains pending.

[2] The attached Affidavit of Kimberly Cardona does not include her signature. Counsel for Delgado has read the Affidavit to her by telephone and she has expressly approved its content. The Affidavit has been mailed to Ms. Cardona for her signature. A signed copy will be filed electronically filed with the court when received and the original maintained at counsel's office.

pursuant to 18 U.S.C. § 3142(c)(B)(i), of Ann Kelley and in the alternative custody of Kimberly Cardona for periods during which Ms. Kelley would be at work.[3] Delgado notes that, unlike New Bedford where he had lived, Mattapoisett is not an inner city community.

Further grounds for Delgado's pre-trial release have been set forth in his Memorandum Regarding Pretrial Detention, filed on September 5, 2005.

By his attorney,

s/ Michael J. Liston

---
Michael J. Liston BB0# 301760
2 Park Plaza, Suite 610
Boston, MA  02116
(617) 426-2281

Dated:  December 6, 2005

---

[3] As reflected in her Affidavit, Ms. Cardona anticipates that there may be occasions − not numerous − when, because of medical necessity or otherwise, she would be unable to monitor Delgado.

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
UNITED STATES OF AMERICA        )
                                )
                                )
        v.                      )  CRIMINAL NO.
                                )  05 − 10176 − RCL
BRANDON DELGADO                 )
                                )
_____)

**AFFIDAVIT OF KIMBERLY CARDONA**

    I, Kimberly Cardona, under the pains and penalties of perjury, depose and state as follows:

    1.  I am thirty-seven years old and I live with my husband and three children at 189 Chancery Street, New Bedford, Massachusetts. Two of my children are adults, ages 19 and 18. My third child is 12 years old. I am currently a housewife but have previously been employed as a residential instructor in a home for troubled adolescent women.

    2.  I am Brandon Delgado's cousin. His father and my mother are brother and sister. Ann Kelley is my sister.

    3.  I have been advised that Ann Kelley has been proposed as a person who could supervise Brandon Delgado were he to be released from custody pending his trial on federal criminal charges. I have also been advised that if Brandon Delgado were to be released under Ann Kelley's supervision he would reside at her home in Mattapoisett, Massachusetts and be subject to electronic monitoring restricting him to the house. I have been further advised that the court has expressed concerns because Ann Kelley works

1

during the day and that Brandon Delgado would, therefore, be on his own during daylight hours.

    4. Ann Kelley's home in Mattapoisett is approximately a ten minute drive from my home in New Bedford. Ann Kelley works between the hours of 8:00 a.m. and 4:30 p.m. Monday through Friday. I am willing to supervise Brandon Delgado by being present with him at Ann Kelley's home during the periods that she is at work. Although there may be occasions when for medical or other unexpected events I would be unable to monitor him for all or part of a day, I do not expect such occasions to be numerous. I understand that it will be my obligation to report to Ann Kelley and/or to the court if Brandon Delgado were to violate any of the conditions of his release while I am supervising him.

    Signed under the pains and penalties of perjury this ___ day of December, 2005.

                                                                       _____
                                                                        Kimberly Cardona