

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

May 11, 2006

Michael Liston, Esq.
2 Park Plaza
Suite 610
Boston, MA 02116

Re:   United States v. Brandon Delgado
      Criminal No. 05-10176-RCL

Dear Mr. Liston:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant Brandon Delgado ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.   Change of Plea

On or before May 25, 2006, or as soon thereafter as the Court may schedule, Defendant shall plead guilty to all Counts One through Eight in the above-captioned Superseding Indictment. Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crimes charged in Counts One through Eight of the Superseding Indictment, and is in fact guilty of those offenses. Upon imposition of sentence on Counts One through Eight of the Superseding Indictment, the U.S. Attorney will dismiss Count Nine of the Superseding Indictment.

2.   Penalties

Defendant faces the following minimum and maximum penalties on each of the eight counts of the Superseding Indictment to which he will plead guilty: 20 years imprisonment, supervised release of at least three years and no more than life, a fine of $1,000,000, a special assessment of $100.00, and forfeiture as alleged in the Superseding Indictment.

3.  <u>Sentencing Guidelines</u>

The U.S. Attorney will take, and Defendant will not contest, the following positions at sentencing with regard to offense conduct and adjustments under the United States Sentencing guidelines:

- a. U.S.S.G. §2D1.1(c)(7) controls the base offense level in this case, setting the BOL at 26;

- b. U.S.S.G. §2D1.1(b)(1) is applicable, requiring an increase to the BOL of 2 levels.

- c. Defendant is entitled to a three-level reduction of his BOL for timely acceptance of responsibility.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

- (a) Fails to admit a complete factual basis for the plea;

- (b) Fails to truthfully admit his conduct in the offenses of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (d) Fails to provide truthful information about his financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the

  administration of justice under U.S.S.G. § 3C1.1;

  (g)  Intentionally fails to appear in Court or violates any condition of release;

  (h)  Commits a crime; and/or

  (i)  Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.  Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

  (a)  incarceration within the range of 57 to 71 months, with each party free to recommend a specific term of months within that range;

  (b)  supervised release of three years;

  (c)  forfeiture as alleged in the Superseding Indictment;

  (d)  mandatory special assessment of $800;

  (e)  no fine.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's Cplea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge

rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

7. Forfeiture

Defendant will forfeit to the United States pursuant to 21 U.S.C. §853 as a result of his guilty plea the $5,000 in cash seized by law enforcement on May 26, 2005 from Defendant's residence at 193 Cottage Street, New Bedford, MA. Defendant agrees not to contest that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's unlawful drug activity. Defendant therefore agrees not to contest the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Defendant hereby waives and releases any and all claims he may have to the $5,000 in U.S. currency seized by the United States On May 26, 2005, during the investigation and prosecution of this case, and consents to the forfeiture of such currency.

8. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. Withdrawal of Plea By Defendant

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

10. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also

pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as

5

Witness. Return the original of this letter to Assistant U.S. Attorney Timothy Q. Feeley.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

By:    _____
                                LAURA J. KAPLAN, Chief
                                Violent & Organized Crime
                                Section

                                _____
                                TIMOTHY Q. FEELEY
                                Assistant U.S. Attorney

### ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

                                  _____
                                  BRANDON DELGADO
                                  Defendant

                                Date: __5-20-06_____

    I certify that Brandon Delgado has read this Agreement and that we have discussed its meaning. I believe he understands the

Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Michael Liston, Esq.
Attorney for Defendant

Date: 6-7-06