```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
                             )
            v.               )   Criminal No. 05-10176-rcl
                             )
BRANDON DELGADO,             )
            Defendant.       )
```

**UNITED STATES' MOTION FOR
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On November 2, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine count Superseding Indictment charging Defendant Brandon Delgado (the "Defendant"), with the following violations: Possession with Intent to Distribute and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Seven); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Eight); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Nine).

2.   The Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Nine of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853.  Such property includes, but is not limited to, the following:

> $5,000 in United States Currency seized on May 26, 2005, from 193 Cottage Street, New Bedford, MA (the "Currency").

3.   The Superceding Indictment further provided that, if the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

4.   On June 8, 2006, the Defendant pled guilty to Counts One through Nine of the Superseding Indictment, pursuant to a plea agreement he signed on May 20, 2006.  In section 7 of the

plea agreement, the Defendant agreed to forfeit any and all of his interest in the Currency subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea.  The Defendant admitted the Currency is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of The Defendant's drug activity, and/or that the Currency was used, or intended to be used, to commit the drug trafficking crimes charged in the Superseding Indictment.

   5.   Based upon the Defendant's admissions in the plea agreement, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant has pleaded guilty.  Accordingly, the Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

   6.   As a result of The Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

   7.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Currency and will publish notice in a newspaper of general circulation of the

Court's Order and of the United States' intent to dispose of the Currency in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/ Kristina E. Barclay
TIMOTHY Q. FEELEY
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: October 2, 2006      (617) 748-3100

**CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 112.1**

I hereby certify that, prior to filing this Motion, I conferred in good faith with Michael J. Liston, Esq., counsel for the Defendant, as required by Local Rules 7.1 and 112.1, and that counsel not assented to the relief requested herein.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: October 2, 2006

**CERTIFICATE OF SERVICE**

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: October 2, 2006

                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
            v.               )   Criminal No. 05-10176-RCL
                             )
BRANDON DELGADO,             )
            Defendant.       )

                   **PRELIMINARY ORDER OF FORFEITURE**

**LINDSAY, D.J.**

  WHEREAS, on November 2, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine count Superseding Indictment charging Defendant Brandon Delgado (the "Defendant"), with the following violations: Possession with Intent to Distribute and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Seven); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Eight); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Nine);

  WHEREAS, the Superseding Indictment sought the forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Counts One through Nine, pursuant to 21 U.S.C. § 853, including without limitation $5,000 in United States Currency seized on May 26, 2005, from 193 Cottage Street,

New Bedford, MA (the "Currency");

WHEREAS, the Superceding Indictment further provided that, if the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 8, 2006, the Defendant pled guilty to Counts One through Nine of the Superseding Indictment, pursuant to a plea agreement he signed on May 20, 2006;

WHEREAS, in section 7 of the plea agreement, the Defendant agreed to forfeit any and all of his interest in the Currency subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, and admitted that the Currency is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of the Defendant's drug activity, and/or that the Currency was used, or intended to be used, to commit the drug trafficking crimes charged in the Indictment; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the plea agreement, that the government has established the requisite nexus between the Currency and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2. If the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

3.   The United States Marshals Service shall seize and hold the Currency in its secure custody and control.

4.   Pursuant to 21 U.S.C. § 853, the United States Marshals Service shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Currency, giving notice as required by law.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                                REGINALD C. LINDSAY
                                                                United States District Judge

Dated: _____