UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10176-RCL |
| | ) | |
| BRANDON DELGADO, | ) | |
| Defendant. | ) | |

### PRELIMINARY ORDER OF FORFEITURE

**LINDSAY, D.J.**

WHEREAS, on November 2, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine count Superseding Indictment charging Defendant Brandon Delgado (the "Defendant"), with the following violations: Possession with Intent to Distribute and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Seven); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Eight); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Nine);

WHEREAS, the Superseding Indictment sought the forfeiture of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations charged in Counts One through Nine, pursuant to 21 U.S.C. § 853, including without limitation $5,000 in United States Currency seized on May 26, 2005, from 193 Cottage Street,

New Bedford, MA (the "Currency");

WHEREAS, the Superceding Indictment further provided that, if the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 8, 2006, the Defendant pled guilty to Counts One through Nine of the Superseding Indictment, pursuant to a plea agreement he signed on May 20, 2006;

WHEREAS, in section 7 of the plea agreement, the Defendant agreed to forfeit any and all of his interest in the Currency subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, and admitted that the Currency is subject to forfeiture on the grounds that it constitutes, or was derived from, proceeds of the Defendant's drug activity, and/or that the Currency was used, or intended to be used, to commit the drug trafficking crimes charged in the Indictment; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the plea agreement, that the government has established the requisite nexus between the Currency and the offenses to which the Defendant pleaded guilty.  Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2.     If the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

3

3.    The United States Marshals Service shall seize and hold the Currency in its secure custody and control.

4.    Pursuant to 21 U.S.C. § 853, the United States Marshals Service shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Currency, giving notice as required by law.

5.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

REGINALD C. LINDSAY
United States District Judge

Dated:  Oct 4, 2006

4