UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        V.               )    CRIMINAL NO. 05-10176-RCL
                         )
BRANDON DELGADO          )


            **GOVERNMENT'S RESPONSE TO DEFENDANT'S
             <u>MOTION FOR REDUCTION OF SENTENCE</u>**

   The government hereby responds to the motion of defendant Brandon Delgado ("Delgado") for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and USSG §1B1.10, as amended. The government agrees that the Delgado is eligible for a reduction in his sentence and agrees that his previously imposed sentence of 57 months should be reduced to 46 months.[1]

   **A.   <u>Background</u>**

   On November 2, 2005, Delgado was charged in a superseding indictment with eight counts of possession with intent to distribute cocaine and cocaine base (a/k/a crack), in violation of 21 U.S.C. §841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c). On June 7, 2006, Delgado pled guilty to the drug charges, and the government agreed to dismiss the §924(c) charge. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), with the parties

---

[1] The BOP web site discloses a projected release date for Delgado of July 14, 2009. Accordingly, if this Court grants the jointly requested reduction of 11 months, Delgado will be eligible for release toward the end of this summer.

agreeing that the court should impose a sentence of "incarceration within the range of 57 to 71 months, with each party free to recommend a specific term of months within that range."

Three of the drug counts involved cocaine base, 6.24 grams in total. The remaining five counts involved powder cocaine, and along with a small uncharged quantity of powder cocaine, totaled 11.67 grams. Under the guidelines applicable at time of sentencing, the base offense level ("BOL") for 6.24 grams of cocaine base was 26. Using the drug equivalency table to combine the cocaine base and the powder cocaine into equivalent quantities of marijuana, the BOL for all of the drugs remained at 26. [PSR, ¶24]. Because Delgado was in possession of a firearm at the time of the drug offenses, 2 levels were added to his BOL. [PSR, ¶25]. With a three level reduction for timely acceptance of responsibility, his total offense level was 25. [PSR, ¶31]. Delgado was found to be in criminal history category ("CHC") II, and his guideline sentencing range to be 63-78 months. [PSR, ¶110].

At sentencing, the parties recommended and this Court imposed a sentence of 57 months, or six months less that the low-end of the applicable GSR.

### B. Eligibility for a Sentence Reduction

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007, the Commission issued a revised version of §1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. §3582(c). Revised §1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

>    result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>  (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
>    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
>  (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the BOL levels for most crack cocaine offenses (the "crack reduction amendment"). On December 11, 2007, the Commission added the crack reduction amendment to the list of amendments in §1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In the crack reduction amendment, the Commission generally reduced by two levels the BOL's applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the BOL's for crack offenses. *See* USSG,

Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack BOL's in §2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the BOL's so that the resulting guideline ranges include the mandatory minimum penalties triggered by that amount, and then set corresponding BOL's for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.

Delgado acknowledges, and the government agrees, that because of an anomaly in the drug equivalency table, his total offense level remains the same under the amended drug equivalency table, even after the crack reduction amendment. Although in cocaine base cases involving 5-20 grams of cocaine base, the old BOL would be reduced from 26 to 24, the new drug equivalency table for 6.24 grams of crack and 11.67 grams of powder cocaine produces the same BOL of 26 that existed before the crack reduction amendment.[3] It is an anomaly because if the 11.67 gram of powder cocaine in this case was treated as cocaine base (the more serious of the two drugs), the new BOL would be reduced two levels to 24. It is only because the 11.67 grams of powder cocaine is treated separately under the drug equivalency table that the BOL is not reduced two

---

[3] Under the drug equivalency table at the time of sentencing, the powder cocaine had no effect on the BOL applicable to 6.24 grams of crack. The BOL was 26 based on the crack cocaine alone, and was 26 based on combining the two drug quantities through the drug equivalency table.

levels. In the government's view, the interests of justice require that Delgado receive the intended benefit of the crack reduction amendment, and his initial BOL should be set at 24.[4] With adjustments for the firearm and acceptance of responsibility, his total offense level should now be set at 23. With a CHC of II, the recalculated GSR should be found by this Court to be 51-63 months. Because Delgado received a sentence below his advisory guideline range at the time of his original sentencing, he is eligible for a comparably reduced sentence under the provisions of USSG §1B1.10(b)(2)(B). The government agrees with Delgado that an additional five month reduction from the low-end of the 51-63 month range is appropriate, and that this Court should enter an amended

---

[4]Although the defendant qualifies for a reduction in sentence under 18 U.S.C. §3582(c)(2), the government is of the view that, by the express terms of both that section and USSG §1B1.10, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). In determining whether and by how much to reduce the defendant's sentence, the government contends that the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. See USSG §1B1.10, Revised application note 1(B)(ii) ("[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); Revised application note 1(B)(iii) ("[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment"). The government has no reason to believe that considerations of public safety or the defendant's conduct while in the custody of the Bureau of Prisons warrant denial of the sentence reduction to which Delgado is otherwise entitled.

judgment re-sentencing Delgado to 46 months imprison, with all other aspect of the judgment to be reimposed.  In that way Delgado will receive a sentence 11 months less than originally imposed, in a case where, if a low-end sentence had originally been imposed, and a two level reduction calculated, the benefit to Delgado would have been 12 months.  In the government's view, this Court can and should modify Delgado's sentence without the necessity of a sentence modification hearing (or the defendant's presence thereat) and it should do so by issuing an order and amended judgment.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                                     By:  /s/ Timothy Q. Feeley
                                                TIMOTHY Q. FEELEY
                                                Assistant U.S. Attorney
                                                (617) 748-3172

April 11, 2008

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                /s/ Timothy Q. Feeley
                                                TIMOTHY Q. FEELEY
                                                Assistant U.S. Attorney